## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| B-5, INC., a Kansas corporation, and B&T INDUSTRIES, L.L.C., a Kansas limited liability company, <br><br> Plaintiffs, <br><br> v. <br><br> MODULAR EVOLUTION, LLC, a Utah limited liability company, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 2:17-cv-2080 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT AND DEMAND FOR JURY TRIAL

COME NOW, plaintiffs B-5, Inc., Inc. and B&T Industries L.L.C. (hereinafter collectively "Plaintiffs") for their complaint against defendant Modular Evolution LLC, ("Defendant") and state as follows:

## THE PARTIES

1. Plaintiff B-5, Inc. ("B-5") is a corporation organized and existing under the laws of the State of Kansas. Plaintiff B&T Industries L.L.C. is a limited liability company organized and existing under the laws of the State of Kansas.

2. Upon information and belief, Defendant Modular Evolution LLC, (hereinafter "Defendant" or "Modular Evolution"), is a for-profit corporation organized and existing under the laws of the State of Utah. Upon further information and belief, Defendant is in the business of selling products in interstate commerce, including sales in the State of Kansas and this District.

## JURISDICTION AND VENUE

3. The Court may exercise subject matter jurisdiction over the claims set forth in this complaint pursuant to 28 U.S.C. § 1338.

4. The Court may exercise personal jurisdiction over Defendant in this action on the grounds that, upon information and belief: (a) Defendant has committed acts of patent infringement in the State of Kansas; and (b) Defendant does business in the State of Kansas through authorized distributors and dealers, including various third-party websites, and by offering products for sale through its website, www.evolutionbipod.com.

5. Service of process on Defendant in this action will be effected pursuant to Fed. R. Civ. P. 4(h).

6. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b).

## BACKGROUND

7. On December 9, 2014, United States Letters Patent No. 8,904,693 (hereinafter the "'693 Patent") was duly and legally issued to Kasey Beltz for the invention "Bipod Firearm Support." A true and correct copy of the '693 Patent is attached hereto as Exhibit 1.

8. Mr. Kasey Beltz has assigned all rights, title, and interest in the '693 Patent to B-5, Inc.

9. B-5 Inc. has exclusively licensed the '693 Patent to B&T Industries.

10. By virtue of the assignment, B-5 Inc. is the owner of the '693 Patent, and B&T Industries, being the exclusive licensee of the '693 Patent, has the right to recover damages for past and future infringement thereof.

11. B&T Industries is the manufacturer and supplier of ATLAS brand bipod products manufactured for the United States under the '693 Patent.

12. On or about March 22, 2016, B&T Industries sent to Defendant a letter informing Defendant of the '693 Patent.

## COUNT I:  PATENT INFRINGEMENT

13. Defendant has infringed and continues to infringe one or more claims of the '693 Patent by making, using, selling, and/or importing products embodying the patented invention in the United States.

14. Defendant's infringement of the '693 Patent has caused Plaintiffs monetary harm in an amount to be proved at trial.

15. Unless restrained, Defendant's continued infringement of the '693 Patent will cause Plaintiffs irreparable harm for which there is no adequate remedy at law.

16. Defendant has knowingly and willfully infringed the '693 Patent in disregard of Plaintiffs' rights.

### Prayer for Relief for First Claim

WHEREFORE, Plaintiffs pray for (a) an order finding that Defendant has infringed the '693 Patent; (b) an accounting for and an award of damages, including lost profits, resulting from Defendant's infringement, and/or reasonable royalties for such infringement pursuant to 35 U.S.C. § 284; (c) a trebling of Plaintiffs' damages because of the knowing, willful, and wanton nature of Defendant's conduct; (d) an assessment of interest, both prejudgment and post judgment, on the damages awarded; (e) a finding of this case to be exceptional and an award of attorneys' fees incurred by Plaintiffs in this action pursuant to 35 U.S.C. § 285; (f) a preliminary and permanent injunction against Defendant's continued infringement of the '693 Patent; (g) an order directing that all goods in the possession, custody, or control of Defendant that infringe the '693 Patent be delivered up and destroyed within thirty (30) days of entry of judgment; (h) an

award of Plaintiffs' costs in bringing and prosecuting this action; and (i) such other and further relief as the Court deems just and proper.

## DESIGNATION OF PLACE OF TRIAL

Plaintiffs designate Kansas City, Kansas as the place of trial.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a jury trial on all issues triable by jury.

Dated:  February 8, 2017                     Respectfully submitted,

*/s/ James J. Kernell*
James J. Kernell, KS #19559
Arthur A. Chaykin, KS #13184
ERICKSON KERNELL IP, LLC
8900 State Line Road, Suite 500
Leawood, Kansas 66206
Telephone:  913-549-4700
Facsimile:  913-549-4646
Email:  jjk@kcpatentlaw.com
            aac@kcpatentlaw.com

Robert O. Blinn, KS #12182
125 North Market Street, Suite 1100
Wichita, Kansas 67202
Telephone:  316-263-6400
Facsimile:   316-263-5491
Email:  rblinn@robertblinn.com

*Attorneys for Plaintiffs*
*B-5, Inc. and B&T Industries L.L.C.*