UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**B-5, INC., et al.,**

    **Plaintiffs,**

    v.

**MODULAR EVOLUTION, LLC,**

    **Defendant.**

Case No. 17-2080-JAR-GLR

## INITIAL PATENT SCHEDULING ORDER

On August 22, 2017, in accordance with Fed. R. Civ. P. 16, the undersigned U.S. Magistrate Judge, Gerald L. Rushfelt, conducted a scheduling conference in this case with the parties.[1] Plaintiff appeared through counsel, Kyle D. Donnelly and James J. Kernell. Defendant appeared through counsel, Kris Kobach and Michael McKell.

After consultation with the parties, the court enters this scheduling order, summarized in the table that follows:

---

[1] As used in this scheduling order, the term "plaintiff" includes plaintiffs as well as counterclaimants, cross-claimants, third-party plaintiffs, intervenors, and any other parties who assert affirmative claims for relief. The term "defendant" includes defendants as well as counterclaim defendants, cross-claim defendants, third-party defendants, and any other parties who are defending against affirmative claims for relief.

| SUMMARY OF DEADLINES AND SETTINGS ||
|---|---|
| **Event** | **Deadline/Setting** |
| Plaintiff's settlement proposal | **September 25, 2017** |
| Defendant's settlement counter-proposal | **October 2, 2017** |
| Jointly filed mediation notice, or confidential settlement reports to magistrate judge | **October 30, 2017** |
| Mediation completed | **November 24, 2017** |
| Service of Rule 26(a) Initial disclosures | **September 25, 2017** |
| Jointly proposed protective order submitted to court | **October 9, 2017** |
| Motion and brief in support of proposed protective order (only if parties disagree about need for and/or scope of order) | **October 9, 2017** |
| Motions to Dismiss | **September 15, 2017** |
| Motions to Amend or Join Additional Parties | **October 20, 2017** |
| Disclosure of Asserted Claims and Infringement Contentions and Document Production Accompanying Infringement Contentions | **October 13, 2017** |
| Invalidity Contentions and Document Production Accompanying Invalidity Contentions | **December 22, 2017** |
| List of Claim Terms Requiring Construction | **January 5, 2017** |
| Preliminary Claim Construction & Extrinsic Evidence | **January 29, 2017** |
| Joint Claim Construction Statement | **February 16, 2018** |
| Completion of Claim Construction Discovery | **March 13, 2018** |
| Opening Claim Construction Brief | **March 27, 2018** |
|   Response Brief | **April 27, 2018** |
|     Reply Brief | **May 10, 2018** |
| Final Claim Construction Chart | **June 1, 2018** |
| *Markman* (claim construction) Hearing<br>Judge Robinson in KC Courtroom 427 | **July 3, 2018 at 9:00 a.m.** |
| Amended Infringement Contentions | **28 days after Court's Claim Construction Order** |
| Amended Invalidity Contentions | **56 days after Court's Claim Construction Order** |
| Disclosure of Intent to Rely on Advice of Counsel as a Defense | **42 days after Court's Claim Construction Order** |
| Proposed Scheduling Order for Remaining Deadlines | **July 17, 2018** |
| Discovery Status/Scheduling Conference<br>Dial **888-363-4749** and enter access code **8533057** | **July 24, 2018 11:15 AM** |

**1)		Alternative Dispute Resolution (ADR).**

After discussing ADR during the scheduling conference, the court has determined that settlement of this case potentially would be enhanced by use of early mediation. Toward that end, plaintiff must submit a good-faith settlement proposal to defendant by **September 25, 2017**. Defendant must make a good-faith counter-proposal by **October 2, 2017**.  By **October 30, 2017**, unless the parties have jointly filed a notice stating the full name, mailing address, and telephone number of the person whom they have selected to serve as mediator, along with the firmly scheduled date, time, and place of mediation, each party must submit a confidential settlement report by e-mail to the undersigned U.S. Magistrate Judge (but <u>not</u> the presiding U.S. District Judge). These reports must briefly set forth the parties' settlement efforts to date, current evaluations of the case, views concerning future settlement negotiations, the overall prospects for settlement, and a specific recommendation regarding mediation or any other ADR method. If the parties cannot agree on a mediator and any party wishes the court to consider a particular mediator or other ADR neutral, then up to three nominations may be provided in the confidential settlement reports; such nominations must include a statement of the nominee's qualifications and billing rates, and confirmation that the nominee already has pre-cleared all ethical and scheduling conflicts. These reports must <u>not</u> be filed with the Clerk's Office.

Mediation is ordered. Absent further order of the court, mediation must be held no later than **November 24, 2017**. An ADR report must be filed by defense counsel within 14 days of any scheduled ADR process, using the form located on the court's website:

*http://www.ksd.uscourts.gov/adr-report/*

3

**2)** **Discovery.**

a) The parties already have served their initial disclosures with regard to witnesses, exhibits, damage computations, and any applicable insurance coverage, as required by Fed. R. Civ. P. 26(a)(1).

The parties are reminded that, although Rule 26(a)(1) is keyed to disclosure of information that the disclosing party "may use to support its claims or defenses, unless solely for impeachment," the advisory committee notes to the 2000 amendments to that rule make it clear that this also requires a party to disclose information it may use to support its denial or rebuttal of the allegations, claim, or defense of another party. In addition to other sanctions that may be applicable, a party who without substantial justification fails to disclose information required by Fed. R. Civ. P. 26(a) or Fed. R. Civ. P. 26(e)(1) is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed. See Fed. R. Civ. P. 37(c)(1).

b) In order to facilitate settlement negotiations and to avoid unnecessary expense, the parties have agreed that, without any need for formal requests for production, copies of the various items described in the parties' respective Rule 26(a)(1) disclosures shall be exchanged or made available for inspection and copying by **September 25, 2017**.

c) All claim construction discovery must be commenced or served in time to be completed by **March 13, 2018**. Under the December 1, 2015 amendments to the Federal Rules of Civil Procedure, the court reminds the parties and counsel that they are entitled to obtain pretrial discovery regarding any nonprivileged matter *provided* it is (a) relevant to a party's claim or defense, AND (b) proportional to the needs of this case.   Under Fed. R. Civ. P. 26(b)(1), whether

any particular discovery is proportional is to be determined by considering, to the extend they apply, the following six factors: (1) the importance of the issues at stake in the action, (2) the amount in controversy, (3) the parties' relative access to relevant information, (4) the parties' resources, (5) the importance of the discovery in resolving the issues, and (6) whether the burden or expense of the proposed discovery outweighs its likely benefit.

       d)       Consistent with the parties' agreements as set forth in their planning conference report, electronically stored information (ESI) in this case will be handled as follows: Production of ESI will be in accordance with the Federal Rules of Civil Procedure and the ESI guidelines provided by the Court.

       e)       No party may serve more than 25 interrogatories, including all discreet subparts, on any other party.

       f)       No more than 10 depositions may be taken by plaintiff, and no more than 10 depositions may be taken by defendant. Each deposition must be limited to 7.5 hours. All depositions must be governed by the written guidelines that are available on the court's website:

                          http://www.ksd.uscourts.gov/deposition-guidelines/

       g)       The parties do consent to electronic service of disclosures and discovery requests and responses. See Fed. R. Civ. P. 5(b) and D. Kan. Rules 5.4.2 and 26.3.

       h)       The expense and delay often associated with civil litigation can be dramatically reduced if the parties and counsel conduct discovery in the "just, speedy, and inexpensive" manner mandated by Fed. R. Civ. P. 1. Accordingly, the parties are respectfully reminded that this court plans to strictly enforce the certification requirements of Fed. R. Civ. P. 26(g). Among other things, Rule 26(g)(1) provides that, by signing a discovery request, response, or objection, it is

certified as (i) consistent with the applicable rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; and (iii) neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action. If a certification violates these restrictions without substantial justification, under Rule 26(g)(3), the court *must* impose an appropriate sanction on the responsible attorney or party, or both; the sanction *may* include an order to pay the reasonable expenses, including attorney fees, caused by the violation. Therefore, *before* the parties and counsel serve any discovery requests, responses, or objections in this case, lest they incur sanctions later, the court *strongly* suggests that they carefully review the excellent discussion of Rule 26(g) found in *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354 (D. Md. 2008).

**3)    Motions.**

a)    Provided that such defenses have been timely preserved, any motions to dismiss asserting lack of personal jurisdiction, improper venue, insufficient process or service of process, failure to state a claim upon which relief can be granted, or the propriety of the parties, must be filed by **September 15, 2017**.

b)    Any motion for leave to join additional parties or to otherwise amend the pleadings must be filed by **October 20, 2017**.

c)    Any motion to compel discovery in compliance with D. Kan. Rules 7.1 and 37.2 must be filed and served within 30 days of the default or service of the response, answer, or

objection that is the subject of the motion, unless the time for filing such a motion is extended for good cause shown. Otherwise, the objection to the default, response, answer, or objection is waived. *See* D. Kan. Rule 37.1(b).

        d)       To avoid the filing of unnecessary motions, the court encourages the parties to utilize stipulations regarding discovery procedures. However, this does not apply to extensions of time that interfere with the deadlines to complete all discovery, for the briefing or hearing of a motion, or for trial. *See* Fed. R. Civ. P. 29; D. Kan. Rule 6.1(a). Nor does this apply to modifying the requirements of Fed. R. Civ. P. 26(a)(2) concerning experts' reports. *See* D. Kan. Rule 26.4(c).

        e)       The arguments and authorities section of briefs or memoranda submitted must not exceed 30 pages, absent an order of the court.

**4)       Claim Construction Deadlines and Proceedings.**

        a)       No later than **October 13, 2017**, the party claiming patent infringement shall serve on all parties a "Disclosure of Asserted Claims and Infringement Contentions."

        b)       No later than **December 22, 2017**, each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions."

        c)       No later than **January 5, 2017**, each party shall serve on each other party a list of claim terms which that party contends should be construed by the Court, and identify any claim term which that party contends should be governed by 35 U.S.C. § 112(6). The parties shall thereafter meet and confer for the purposes of limiting the terms in dispute by narrowing or resolving differences.

d) No later than **January 29, 2017**, the parties shall simultaneously exchange proposed constructions of each term identified by either party for claim construction ("Preliminary Claim Construction").

e) No later than **February 16, 2018**, the parties shall complete and file a Joint Claim Construction and Prehearing Statement.

f) No later than **March 27, 2018**, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file an opening claim construction brief.

g) No later than **April 27, 2018**, each opposing party shall serve and file its responsive brief.

h) Not later than **May 10, 2018**, the party claiming patent infringement, or the party asserting invalidity if there is no infringement issue present in the case, shall serve and file any reply brief.

i) The *Markman* claim construction hearing is scheduled for **July 3, 2018 at 9:00 AM** before District Judge Robinson in Courtroom 427, Robert J. Dole United States Courthouse, 500 State Avenue, Kansas City, Kansas.

**5)** **Status Conference and Other Matters.**

a) Pursuant to Fed. R. Civ. P. 16(a), a discovery status conference is scheduled for **July 24, 2018 11:15 AM** before the undersigned Magistrate Judge by dial-in telephone conference call. Dial **888-363-4749** and enter access code **8533057**.

b) The parties are not prepared to consent to trial by a U.S. Magistrate Judge at this time.

   c)  This court, like the Kansas Supreme Court, has formally adopted the Kansas Bar Association's *Pillars of Professionalism* (2012) as aspirational goals to guide lawyers in their pursuit of civility, professionalism, and service to the public. Counsel are expected to familiarize themselves with the *Pillars of Professionalism* and conduct themselves accordingly when litigating cases in this court. The *Pillars of Professionalism* are available on this court's website:

*http://www.ksd.uscourts.gov/pillars-of-professionalism/*

  This scheduling order will not be modified except by leave of court upon a showing of good cause.

  **IT IS SO ORDERED.**

  Dated September 19, 2017, at Kansas City, Kansas.

          *s/Gerald L. Rushfelt*
          Gerald L. Rushfelt
          U.S. Magistrate Judge